# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan Adkins,**
**Petitioner Below, Petitioner**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 15-0015** (Randolph County 14-C-147)

**Marvin C. Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Adkins, appearing *pro se*, appeals the December 10, 2014, order of the Circuit Court of Randolph County denying his petition for writ of habeas corpus challenging his conviction on a prison disciplinary violation. Respondent Marvin C. Plumley, Warden, Huttonsville Correctional Center, by counsel John H. Boothroyd, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Huttonsville Correctional Center ("HCC"), who is assigned to Cell 89 on Unit B-2. Petitioner has a cellmate, Christopher Stout. Petitioner states that on June 2, 2014, he and Inmate Stout were involved in an altercation in the unit's dayroom and were ordered back to their cell. Correctional Officer Andrew Nichols reported to Unit B-2, in response to a "fight call," and, thereafter, searched petitioner's cell. Officer Nicholds found two metal rods—each approximately thirteen inches in length—under Inmate Stout's bed. Officer Nichols issued a violation report charging petitioner with violating Disciplinary Rule 1.07 because he had been "found in possession" of the metal rods as a result of a search.[1]

Disciplinary Rule 1.07 provides, in pertinent part, that "[n]o inmate shall possess, manufacture, or attempt to manufacture any weapon or any item which could be used as a weapon." In addition, the Division of Corrections ("DOC") defines "possession" as "[being] on an inmate's person or being within his/her living area, property and/or assigned work area." DOC Policy Directive 325.00, p. 2

---

[1] Respondent warden states that Inmate Stout was also charged with violating Disciplinary Rule 1.07, however, the record on appeal does not reflect whether Inmate Stout was likewise convicted.

1

Petitioner's disciplinary hearing occurred on June 10, 2014. Petitioner pled not guilty and argued that he was not responsible for the items found under Inmate Stout's bed. Officer Nichols and Correctional Officer Brian Cool testified on behalf of HCC. Officer Nichols stated that both petitioner and Inmate Stout "were suspected of trying to hide something." Officer Nichols further testified that while Inmate Stout was sitting on the bed under which the metal rods were discovered, petitioner was standing only about "a foot away from the bed." In contrast, Officer Cool testified that he believed that the metal rods belonged to petitioner's cellmate based on Inmate Stout's gang affiliation and Inmate Stout's admission that the rods were his property. However, Officer Cool conceded that he was not present during the search of petitioner's cell. Following the hearing, the correctional hearing officer found petitioner guilty of possessing weapons pursuant to Disciplinary Rule 1.07 based on (1) Officer Nichols's testimony; and (2) Officer Nichols's written reports which he had testified were "true and correct."[2]

As a result of his disciplinary conviction, petitioner received a sixty-day term in punitive segregation and a sixty-day loss of privileges from June 2, 2014, to August 1, 2014. Petitioner appealed his conviction to respondent warden, who denied the appeal on June 27, 2014. Petitioner then sought review by the DOC's commissioner, who similarly affirmed petitioner's disciplinary conviction under Disciplinary Rule 1.07 on July 23, 2014.

On August 18, 2014, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Randolph County[3] seeking the expungement of the disciplinary conviction from his prison record. In challenging the conviction, petitioner made three claims: (1) petitioner did not have adequate notice that he could be found in possession of any item discovered in a cell shared with Inmate Stout; (2) the United States Constitution did not permit requiring petitioner to be responsible for items his cellmate had in their shared cell; and (3) evidence did not exist to support a finding that petitioner possessed the metal rods found in the cell shared with Inmate Stout. At the heart of petitioner's claims was his contention that in order to find him guilty, the correctional hearing officer had to conclude that petitioner had personal possession of the metal rods. In an order entered on December 10, 2014, the circuit court denied the petition finding that petitioner was afforded due process, and that he was properly disciplined for the possession of weapons.

Petitioner now appeals to this Court. We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the
> circuit court in a habeas corpus action, we apply a three-prong
> standard of review. We review the final order and the ultimate
> disposition under an abuse of discretion standard; the underlying

---

[2] The correctional hearing officer's order indicates that Officer Nichols filed multiple reports with regard to the June 2, 2014, incident and search of petitioner's cell. Only the violation report is contained in the record on appeal.

[3] HCC is located in Randolph County, West Virginia.

2

factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In addition, the standard for upholding a disciplinary conviction requires only that some evidence exists to support the conviction. *See Snider v. Fox,* 218 W.Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006).

On appeal, petitioner reasserts the three claims made in his habeas petition. However, we need only address petitioner's third claim because we find there was some evidence that petitioner had personal possession of the metal rods discovered in his cell. As respondent warden notes, the relevant question under the "some evidence" standard is "whether there is *any* evidence in the record that could support the conclusion reached by the [correctional hearing officer]." *Snider,* 218 W.Va. at 667, 627 S.E.2d at 357 (emphasis added). We give substantial deference to the correctional hearing officer's findings because ascertaining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* (internal quotations and citations omitted). In this case, the correctional hearing officer found petitioner guilty of possessing weapons based on (1) Officer Nichols's testimony; and (2) Officer Nichol's written reports including the violation report. We find it significant that in the violation report, Officer Nichols did not merely state that the metal rods were discovered in petitioner's cell, but specifically charged petitioner of being "found in possession" of the rods. Officer Nichols's testimony supported the charge because the officer stated that *both* petitioner and Inmate Stout "were suspected of trying to hide something" and that petitioner was standing only about "a foot away from the bed," under which the rods were found. Therefore, we determine that at the time Officer Nichols entered the cell to begin his search, petitioner had access to the location where the metal rods were discovered. Accordingly, because there was some evidence to support the correctional hearing officer's conclusion that petitioner possessed weapons in violation of Disciplinary Rule 1.07, we conclude that the circuit court did not err in denying petitioner's habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3